The Chief Justice, and Sewall, J.,
inclined to think that the statute did not authorize the facts stated in defence to be given in evidence under the general issue; that the act extended to such facts only.as went to the merits of the action, but not to statute bars, and instanced the statute of limitations, which must always be pleaded, and is never permitted to be given in evidence under the general issue.
Sedgwick, J.,
doubted whether the words of the statute were not too strong to be got over, though he thought it would be extremely inconvenient in practice to admit such matters to be given in evidence under the general issue. [ * 235 ] * On looking into the records of the probate office, it appeared that, although there had been a representation of insolvency, and a report of the commissioners made on the claims, yet that there had not been any decree of insolvency, but the question was still pending in the Proba.te Court. Upon which the Court said that this evidence would prove nothing more than a temporary bar, which the jury could not find, under the general issue. It might operate as a suspension of the right of action, and be a reason for a continuance, but that it was impossible it should be a complete and perpetual bar, unless the estate was actually insolvent.
Ward then moved for a continuance, so that if the estate should ultimately prove to be insolvent, the defendant might plead it in bar.
Ward, in reply.
On the 10th of March, 1803, the judge allowed the administrator six months’ further time to settle his account of administration. This he afterwards extended to six months from the 10th of September in the same year, and afterwards to seven months from the 1st day of April last. As to the act of June 20, 1794, cited by the counsel for the plaintiff, and upon which he relies as authorizing the present action, that act has not taken away the necessity of giving twenty days’ notice, required by the act to which it is in addition, as is obvious from the terms in which the provisions of it are expressed. But admitting that it has, the defendant ought not now to be holden to go on to trial, as the judge of probate, the legal and proper judge on this subject, has seen sufficient reason to allow the administrator further time to settle his account, and this under the authority which is vested in the judge by the statute.
The Court refused to continue the action. They said that, when the present action was commenced, the plaintiff had clearly a right to commence it; that the administrator had been guilty of gross neglect, more than three years having elapsed since the report of the commissioners; that it appeared, by the records of the Probate Court, that the amount of the claims allowed against the estate was not one half of the amount of the value of the estate inventoried. There is no evidence that the inventory is incorrect, or that there are any demands existing against the estate which were not exhibited to the commissioners, and therefore no evidence that injustice will be done by proceeding in the present action. The time of suspension allowed by the judge of probate, expired the first day of the present month, six days previous to the commencement * of the term, and therefore there is no reason for [ * 237 1 a continuance.
The counsel for the defendant consented that a verdict should be taken for the sum demanded. (1)