## JOHN BRICKETT *versus* WILLIAM DAVIS.

A notice of special matter to be given in evidence under the genera' issue, must contain a distinct allegation of the substantive matter of the defence, although it need not have the technicality of a special plea.

In an action of slander the defendant offered a notice proposing to give in evidence under the general issue, facts proving or tending to prove the truth of the words spoken, and proposing to apply those facts either in justification or in mitigation of damages, and stating the facts relied on, which, though they might be properly submitted to the jury in connexion with other evidence in support of a justification, did not alone prove the truth of the words. It was *held*, that the notice was insufficient, and that the facts stated were not admissible in evidence under the general issue, with such notice or without any notice, either in justification or in mitigation of damages.

In an action of slander, if no notice is given of a defence under the statute of limitations, the plaintiff may give in evidence words spoken more than two years before the commencement of the action.

But where the declaration alleged the words to have been spoken on a particular day within two years, and the plaintiff produced evidence of words spoken more than two years before the commencement of the action, the defendant was allowed, without terms, to file a plea of the statute of limitations.

CASE for slanderous words. The writ was dated November 26, 1836, and contained five counts.

The first count charged, that on November 27, 1834, the defendant accused the plaintiff of having been guilty of the crime of adultery with one S. Coffin. The second, third and fourth counts charged the speaking of similar words on November 27, 1834. The fifth charged the speaking of similar words on December 7, 1835. Plea, the general issue.

The cause was tried before *Putnam* J.

Previous to the trial, the defendant submitted to the Court a motion to the following effect : —

The defendant, protesting that he never uttered the declarations in manner and time as charged against him by the plaintiff, proposes to give in evidence facts and circumstances proving or tending to prove such declarations, if made, to be true ; and to apply these facts and circumstances either in justification or in mitigation of damages, as the same shall be made to appear To wit : —

1. A long continued series of acts of suspiciously intimate intercourse between the plaintiff and S. Coffin.

2 That in or about 1818, the plaintiff took indecent liber-

ues with her, she then residing and being in a house owned by one William Chase, in Newburyport.

3. That on sundry times during a period of years he was alone with her in her sleeping apartment at unseasonable hours, without proper cause.

4. That in July, 1834, being with her in his chaise in a by-road in Newbury, he took improper liberties with her person.

5. That in 1829, she being in her sleeping apartment in the house of one Edwards, in Boston, the plaintiff was at that time and place detected in such apartment with her, he being in an improper act or attitude.

6. Also, the defendant proposes to give in evidence the character of the plaintiff for chastity.

The judge overruled the motion in the form in which it was offered ; whereupon the defendant's counsel withdrew it.

On the trial, the plaintiff proffered evidence of words alleged to have been spoken by the defendant in May, 1834 ; to which the defendant objected ; but the judge overruled the objection, and decided that the evidence was admissible under the counts of the writ.

The defendant then moved for permission to file a plea of the statute of limitations, or a specification of defence in the nature of such a plea ; which the judge refused to allow.

Evidence of words spoken by the defendant in May, 1831, was accordingly introduced by the plaintiff.

In his defence to the action, the defendant offered to introduce evidence of the same general tenor, as specified in the motion filed previously to the trial ; but the judge refused to receive it.

Upon these facts a verdict was entered for the plaintiff, by consent, for the sum of 400 dollars, subject to have the same set aside, and a new trial had, if the whole Court should so order.

*Moseley* and *Cushing*, for the defendant, cited *Pierce* v. *Pickens*, 16 Mass. R. 472, to show that evidence of words spoken more than two years before the action was brought, was inadmissible ; or if admitted, that the defendant had a right to shape his defence accordingly, either by pleading the statute of limitations or by obtaining delay to enable him to procure evidence.

*Nov. 7th*

*Saltonstall*, for the plaintiff, cited to the point, that the notice was offered too late, *St.* 1836, *c.* 273, § 2, 56th Rule of Court ; and to the points, that it was insufficient, because it did not state specific matter in *defence* of the action, and that the evidence, when offered under the general issue independently of any notice, was rightly rejected, *Alderman* v. *French*, 1 Pick. 1 ; *Bodwell* v. *Swan*, 3 Pick. 376 ; and in regard to the statute of limitations, 2 Wms's Saund. 63, note 6 ; Starkie on Slander, 392.

DEWEY J. delivered the opinion of the Court. Under the Rules of this Court made in pursuance of the provisions of the statute of 1836, *c.* 273, abolishing special pleading in civil actions, the defendant could not give in evidence any specific and substantive matter in avoidance of the action, unless he had filed a statement in writing setting forth substantially his defence. As such statement is required to be filed at the same time with the general issue, unless the Court allow it to be filed afterwards, upon sufficient cause shown therefor, the written specifications of certain matters proposed to be proved in the defence might, in the discretion of the presiding judge, have been properly rejected for that cause.

It seems to us, however, that it was properly excluded for reasons of a more general character, and such as would have required the same disposition of it, had it been filed in due time.

A notice of special matter to be given in evidence under the general issue must contain as distinct an allegation of the grounds of the defence as would be stated in a special plea, although it need not have the technicality of a special plea.

This notice is entirely defective as a justification of the truth of the words alleged to have been spoken. It only proposes to give in evidence on the trial, facts and circumstances proving or tending to prove the words to be true, and reserves liberty to use such evidence either in justification or in mitigation of damages, as the same shall be made to appear, and then proceeds to state the facts proposed to be shown under this notice, which facts, while they allege gross improprieties and indelicacy of conduct and such as might, in connexion with other evidence, have been properly submitted to the jury under a plea of justi-

fication of the truth of the words on a notice of such a defence, yet, unaccompanied as they are with any such averment, and not necessarily fixing upon the plaintiff the crime of adultery, fall far short of those direct allegations which should accompany the specification of the defence, if a justification were relied upon. The change in the forms of pleading and the introduction of the general issue with notice of the defence, does not excuse the want of positive affirmation of the grounds of that defence. If it be a justification founded upon the truth of the words alleged to be spoken, the defendant must assume the responsibility of asserting the truth of the words to the same extent he would have done, under our former practice in a special plea in justification.

The case of *Shepard* v. *Merrill*, 13 Johns. R. 475, is quite analogous to the present. That was an action of slander, alleging that the defendant charged the plaintiff with the crime of theft. The defendant, under the provisions of the statute of New York authorizing the pleading of the general issue, with notice of the defence, filed as the specification of his defence, that on the trial he should give evidence of certain acts and conduct of the plaintiff, viz. "that the plaintiff had sold the defendant's shingles without authority, and afterwards, on the defendant's inquiring for the shingles, denied that he knew any thing about them or what had become of them," but omitting any allegation that the defendant took them feloniously. On the trial the Court held that this notice was bad and insufficient as a justification, and refused to allow the defendant under it to prove that the charge of theft was true, and they further ruled that the facts stated in the notice could not be given in evidence by the defendant in mitigation of damages. *Spencer* J. says, in delivering the opinion of the court, "the true way to test the sufficiency of a notice is to inquire whether the matters contained in it, if pleaded specially, would be good on general demurrer." The case of *Alderman* v. *French*, 1 Pick. 1, has, I think, a strong bearing upon this question. It was also an action of slander, for charging the plaintiff with the crime of adultery. By the rules of pleading, at that time, it was necessary to justify the speaking by a special plea to that effect. The defendant, under leave to file such plea, had set

forth a series of facts having a tendency to show that the plaintiff was guilty of the crime imputed to him in the words alleged to be spoken by the defendant, but the plea did not distinctly allege the commission of the crime of adultery by the plaintiff, and for this reason, on a demurrer, was held insufficient. On the trial, the rejected plea being offered by the plaintiff to prove the speaking of the words, the defendant proposed to give in evidence the facts therein stated, either as a justification or in mitigation of damages, but they were entirely excluded by the Court, upon the ground that the defendant must in such a case assume the responsibility of a direct allegation of the truth of the words spoken, if he would have the benefit of evidence tending to show the truth of them, and that they could properly be offered in no other form than as a justification. The same principle should be applied to notices accompanying the general issue. The notice or specification of the defence should be direct and explicit. The forms of a special plea are by our recent statute dispensed with, but the substantive matter of the defence is still required to be fully stated in the notice. We think, therefore, that in the present case the notice was insufficient to authorize the admission of the evidence in justification of the speaking of the words, and that the subsequent offer on the part of the defendant to introduce the same facts as proper under the general issue, though unaccompanied by any notice, or specification, was still more objectionable, as they could not properly be admissible either in justification or in mitigation of damages.

The second objection to the ruling of the judge, is, that on the trial it was held, that as no notice of defence under the statute of limitations was filed, the plaintiff might introduce as a substantive cause of action, evidence of words spoken by the defendant more than two years before the commencement of the action. This question has not, so far as I recollect, ever been brought before the Court for direct adjudication, although I believe the rule has been generally understood to be that adopted on the trial of the present case.

At an early period after the adoption of the statute of 21 *Jac. c.* 16, § 3, the question arose in England, and it was at first ruled, that as the statute prohibited actions from being

instituted beyond a certain period from the time when the cause of action accrued, it was to be taken as an absolute bar and operated by its own force and without pleading it. *Brown v. Hancock*, Cro. Car. 115. The next case in the order of time was that of *Trankersley v. Robinson*, Cro. Car. 163, where the judges were equally divided on this question.

The doctrine when applied to a case merely because it appeared on the face of the declaration, that the action was commenced beyond the time prescribed by the statute, was seen to be clearly untenable, as the plaintiff might be within some of the various exceptions mentioned in the statute, and was overruled in the case of *Stile v. Finch*, Cro. Car. 381, and *Hawkings v. Billhead*, Cro. Car. 404, both of which cases were actions of slander and, as it appeared on the declarations, for words spoken more than two years before the institution of the suits.

The rule soon came to be adopted, that if the defendant would take advantage of the statute of limitations, it was necessary for him to plead it, and this as well where the cause of action appeared to have accrued more than two years before, by the declaration itself, as where the fact was shown by the evidence given on the trial. *Draper v. Glassop*, 1 Ld. Raym. 153 ; *Gould v. Johnson*, 2 Ld. Raym. 838.

Sergeant Williams, in his notes to Saunders, questions the propriety of the present rule when applied to a case where it appears on trial from the evidence offered, that the action is not brought within the time, and the plaintiff fails to show himself within any of the exceptions in the statute, but he admits the rule to be well established, that in all cases the statute must be pleaded. 2 Saund. 63, note 6 ; 1 Saund. 284, note 2.

Lawes, in his treatise on pleading in assumpsit, (Amer. ed.) 540 [728], also states the rule as before mentioned, expressing, however, similar doubts with Sergeant Williams as to the entire correctness of the principle in its general application. It is, however, unqualifiedly adopted in 2 Chitty on Plead. (5th Eng. ed.) 515 ; Tidd's Practice, 593, and Com. Dig. *Temps, G*, 19. It is recognised as an unquestioned rule by *Buller* J., in the case of *Petrie v. White*, 3 T. R. 11, in Illustrating another legal doctrine, and also stated by the same

learned jurist in Bull. Nisi Pr. 148. It is also so held in *Robbins* v. *Harvey*, 5 Connect. R. 335. Our statute of limitations, so far as applicable to the present question, may be considered as entirely similar to that of 21 *Jac. c.* 16, and ought to receive the same construction.

In this Commonwealth, the rule seems to have been understood to be the same with that now so well established in England. Though not judicially decided, yet it was assumed to be such by this Court, in the consideration of the case of *Foster* v. *Abbott*, 1 Mass. R. 234. Some reliance was placed by the counsel for the defendant, upon the case of *Pierce* v. *Pickens*, 16 Mass. R. 472, as establishing a contrary doctrine. We do not think that case can be properly considered as militating against this rule, and the principle there stated by *Jackson* J., in delivering the opinion of the Court, that the plaintiff, under a count for trespass on divers days and times between certain periods named in the declaration, might prove any single act of trespass within the date of the writ and the time prescribed by the statute of limitations, may be considered as a proposition stated under this qualification, upon the supposition that the defendant avails himself by proper pleas, of every legal defence. If this be not a sufficient explanation of it, it may further be remarked in reference to this case as an authority on this question, that no such point was presented by the case, as the necessity of pleading the statute of limitations.

The general principle seems therefore to be well established. It is founded upon the doctrine, that where there is a preexisting cause of action, the statute does not extinguish it, but only takes away the remedy, and that it is a right or privilege to be asserted by the defendant, requiring action on his part, and which action can only be effectual by his filing a plea to that effect, or what is equivalent, a notice of it as a special defence under the general issue, where that mode of pleading is authorized.

This rule, of course, has no application to penal actions, as the original right or cause of action in such cases depends wholly upon the institution of a suit within the period limited by the statute.

The only remaining question is, whether the defendant should

not have been allowed to file a plea of the statute of limitations after the introduction by the plaintiff of this testimony. The Court are clearly of opinion, that this request should have been granted. The declaration charged the speaking of the words within two years, naming a particular day, and although the precise time thus alleged need not be proved, yet the defendant might well have supposed that no evidence would be offered of words spoken beyond the period of the two years limited by the statute. It would seem entirely reasonable that he should be allowed the benefit of this defence, and under all the circumstances of the case, the Court think this should be granted without the imposition of any terms.

*New trial granted.*